# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LN MANAGEMENT LLC SERIES 8246 AZURE SHORES,

    Plaintiff(s),

v.

ARLENE G. DIZON, et al.,

    Defendant(s).

2:13-CV-1307 JCM (PAL)

## ORDER

Presently before the court is plaintiff LN Management LLC Series 8246 Azure Shores' ex parte motion for a temporary restraining order. (Doc. # 14).

**I.  Background**

This is a mortgage and foreclosure related lawsuit. Plaintiff has filed this lawsuit against defendants Wells Fargo Bank, Arlene G. Dizon, and World Savings Bank. Plaintiff asserts a quiet title claim against defendant and requests declaratory relief from the court that defendants have no estate, right, title, or interest in the property commonly known as 8426 Azure Shores Court, Las Vegas, Nevada 89117 ("the property").

In 2001, defendant Arlene Dizon obtained a mortgage loan for $150,000 from defendant World Savings Bank. (Doc. # 12-1). The loan was secured by a deed of trust recorded on May 29, 2001. The deed of trust encumbers the property. (Doc. # 12-2). World Savings Bank underwent a name change and subsequently merged into defendant Wells Fargo Bank. (Doc. # 12-3).

**James C. Mahan**
**U.S. District Judge**

On January 3, 2012, a notice of default was filed against the property for unpaid HOA assessments. (Doc. # 12-5). This notice stated that the amount owed to the HOA, as of December 27, 2011, was $1,595.80. *Id*. On April 8, 2012, a notice of default and election to sell under deed of trust was filed against the property for unpaid assessments under the mortgage held by Wells Fargo. (Doc. # 12-7).

The HOA held a foreclosure sale on May 2, 2013, in which plaintiff purchased the property for $15,000. (Doc. # 12-9.) Plaintiffs filed this lawsuit in state court after purchasing the property at the foreclosure sale.

Plaintiff's instant motion alleges that defendant Wells Fargo Bank seeks to conduct a foreclosure upon the property on October 18, 2013. Plaintiff requests that the court enjoin Wells Fargo Bank from conducting any foreclosure upon the property until a motion for preliminary injunction can be considered by the court.

## II. Legal Standard

According to Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. Fed. R. Civ. P.65. "The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment." *Estes v. Gaston*, no. 2:12-cv-1853-JCM-VCF, 2012 WL 5839490, at *2 (D. Nev. Nov. 16, 2012) (citing *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984)). "Thus, in seeking a temporary restraining order, the movant must demonstrate that the denial of relief will expose him to some significant risk of irreparable injury." *Id.* (quoting *Associated Gen. Contractors of California v. Coalition of Economic Equity*, 950 F.2d 1401, 1410 (9th Cir. 1991)).

The Supreme Court has stated that courts must consider the following elements in determining whether to issue a temporary restraining order and preliminary injunction: (1) a likelihood of success on the merits; (2) likelihood of irreparable injury if preliminary relief is not

**James C. Mahan
U.S. District Judge**

- 2 -

granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374–76 (2008). The test is conjunctive, meaning the party seeking the injunction must satisfy each element.

**III.    Discussion**

In arguing for a temporary restraining order, the plaintiff fails to meet its burden to show that it has "a likelihood of success on the merits." Plaintiff's argument hinges on the assertion that its purchase of the property for $15,000 in the foreclosure sale extinguished Wells Fargo's entire interest in the property.[1] (Doc. # 14, 7:16-18). This court has thoroughly established that a foreclosure conducted under Nev. Rev. Stat. 116.3116 does not alter or extinguish a first position deed of trust. *See, e.g.*, *Premier One Holdings, Inc. v. BAC Home Loans Servicing LP, et al.,* 2:13-cv-00895-JCM-GWF, *3 (D. Nev. Aug. 15, 2013). Indeed, such an interpretation of Nev. Rev. Stat. 116.3116 would lead to the absurd result that a relatively small HOA lien recorded years after a deed of trust could extinguish the prior security interest that is, in this case, nearly one hundred times greater.

Because plaintiff's claims in this case are entirely based on a premise that this court has repeatedly held to be unfounded, plaintiff cannot prove a likelihood of success on the merits. Accordingly, plaintiff's motion for a temporary restraining order will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's ex parte motion for a temporary restraining order (doc. # 14) be, and the same hereby is, DENIED.

DATED October 17, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Alternatively, plaintiff argues that, even if Wells Fargo's interest is unaltered by the foreclosure sale, that Nev. Rev. Stat. 107.080(2)(b) gives it a right to cure any deficiency under that interest. This argument overlooks the fact that Nev. Rev. Stat. 107.080(2)(b) exclusively applies to "trust agreements which concern owner-occupied housing." As plaintiff does not allege that it occupies the property, this provision is not applicable in this case.