# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LN MANAGEMENT LLC SERIES 8246 AZURE SHORES,

        Plaintiff(s),

v.

ARLENE G. DIZON, et al.,

        Defendant(s).

2:13-CV-1307 JCM (PAL)

## ORDER

Presently before the court is plaintiff LN Management LLC Series 8246 Azure Shores' motion to remand to state court. (Doc. # 8). Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a response in opposition. (Doc. # 12). Plaintiff did not file a reply.

**I.    Background**

On or about May 29, 2001, Arlene G. Dizon ("Dizon") purchased real property located at 8246 Azure Shores Court, Las Vegas, Nevada 89117.[1] On June 13, 2001, Dizon executed a deed of trust and note for $187,500.00. Defendant World Savings Bank, FSB loaned plaintiff the money to purchase the property.

---

[1] The court must lean heavily on the documents provided by defendant to understand the factual background. Plaintiff's complaint provides very few specific facts. The court judicially recognizes all of the following documents: the deed of trust, the note, the notices of default, the notice of sale, the substitutions, and the foreclosure deed. *See Intri-Plex Technology, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

On or about December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB. Effective November 1, 2009, Wachovia Mortgage merged with and into Wells Fargo and is now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A. Accordingly, Wells Fargo is the holder of the note and the beneficiary of the deed of trust.

Sometime thereafter, Dizon failed to meet two payment obligations: (1) Dizon failed to pay her homeowner association fees ("HOA fees"); and, (2) Dizon defaulted under the note and deed of trust.

On January 3, 2012, a notice of delinquent assessment lien was properly recorded in Clark County for Dizon's failure to pay the HOA fees. On April 8, 2013, a notice of foreclosure sale under the HOA lien was properly recorded in Clark County. On May 2, 2013, plaintiff purchased the property at the HOA foreclosure sale for $15,000.

On April 3, 2013, a notice of default and election to sell under the deed of trust was properly recorded in Clark County based on Dizon's default on the May 2001 note. As of March 19, 2013, Dizon owed $33,012.86 in arrears, and the unpaid principal amount due under the May 2001 note was $153,062.62.

Plaintiff filed the instant action in Nevada state court on May 22, 2013. The complaint asserts claims of quiet title and declaratory relief against defendants Wells Fargo, Dizon, and World Savings Bank, FSB.

**II.     Analysis**

*A.     Legal Standard*

A complaint filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the action had it been brought in federal court in the first place. 28 U.S.C. § 1441(a). This court has original jurisdiction, pursuant to 28 U.S.C. § 1332(a), over suits between citizens of different states for which the amount in controversy exceeds $75,000.

"The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The defendant bears the burden of establishing that removal is proper." *Id.*

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Further, the defendant is entitled to present the facts showing the joinder to be fraudulent." *Id.* (internal citation omitted).

### B. Discussion

Plaintiff seeks to remand to state court, arguing this court does not have diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff argues that it is a citizen of Nevada and that defendant Dizon is a citizen of Nevada. Plaintiff argues that Dizon is a proper defendant because plaintiff is attempting to quiet title to the property and Dizon is the former property owner. Plaintiff does not contest Wells Fargo's claims that the amount in controversy exceeds $75,000 and that Wells Fargo is considered a citizen of South Dakota for the purposes of diversity jurisdiction.

As an initial matter, defendant Wells Fargo has submitted properly authenticated documents that demonstrate the outstanding balance on the loan is $153,062.62. Additionally, the assessor's office's records indicate that the property has a taxable value of $210,863.00. The amount in controversy easily exceeds the minimum requirement for diversity jurisdiction.

The court now turns to whether Dizon is a fraudulently joined defendant. She is. Plaintiff is attempting to quiet title and establish that its interest in the subject property is superior to that of Dizon. In plaintiff's motion for remand, it rightly asserts that Dizon is the former owner of the property–*former*, being the operative word.

The HOA foreclosed on the property pursuant to NRS 116.3116 because of Dizon's delinquency in paying the HOA fees and/or dues. Plaintiff's complaint affirmatively states that it complied with all the requirements of NRS 116 and that the foreclosure was lawful and proper. The complaint also fails to allege that Dizon is, or has even threatened to, assert any interest or rights in

James C. Mahan
U.S. District Judge

- 3 -

1   the property. Plaintiff's proper foreclosure pursuant to NRS 116 extinguished Dizon's rights or
2   interest in the property. NRS 116.31166 states "[t]he sale of a unit pursuant [to this statutory scheme]
3   vests in the purchaser the title of the unit's owner without equity or right of redemption." Finally,
4   Dizon's statutory period, which could be 90 or 120 days depending on the circumstances, has
5   expired. Dizon is a fraudulently joined defendant and is dismissed from the action. This court has
6   original, diversity jurisdiction and denies plaintiff's motion to remand.

7   Accordingly,

8   IT IS FURTHER ORDERED that plaintiff's motion to remand to state court (doc. # 8) be,
9   and the same hereby is, DENIED.

10  DATED January 30, 2014.

*James C. Mahan*
_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -