# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LN MANAGEMENT LLC SERIES 8246 AZURE SHORES,

        Plaintiff(s),

v.

ARLENE G. DIZON, WELLS FARGO BANK, N.A., et al.,

        Defendant(s).

2:13-CV-1307 JCM (PAL)

**ORDER**

Presently before the court is a motion for summary judgment filed by defendant Wells Fargo Bank, N.A ("Wells Fargo"). (Doc. # 33).

This case involves a dispute over a property that was subject to an HOA "super priority" lien. Plaintiff claims that it purchased the property commonly known as 8246 Azure Shores Court, Las Vegas, Nevada 89117 for the nominal amount of $15,000.00 and thereby extinguished Wells Fargo's $150,000 deed of trust.

Over the last several months, the court has become all too familiar with Nev. Rev. Stat. § 116.3116, which grants priority to portions of liens arising from delinquent HOA assessments. Countless cases have been filed in Nevada posing the question as to whether a foreclosure of an HOA's "super priority" interest extinguishes deeds of trust that predate the HOA lien.

. . .

**James C. Mahan**
**U.S. District Judge**

1  Courts at both the state and federal levels disagree as to the correct interpretation of this
2  provision. *See, e.g.*, *7912 Limbwood Court Trust v. Wells Fargo Bank, N.A.*, 2013 WL 5780793 (D.
3  Nev. 2013) (holding that foreclosure of an HOA super priority lien extinguishes a deed of trust);
4  *LVDG Series 125 v. Welles*, 2013 WL 6175813 (D. Nev. 2013) (holding that a deed of trust is not
5  extinguished following the foreclosure of an HOA super priority lien).

6  Despite the numerous cases presenting this precise question that have been filed in state
7  courts, the Nevada Supreme Court has yet to weigh in on the issue. At present, "there are over fifty
8  cases pending before the Nevada Supreme Court that turn upon this very question." *Saticoy Bay LLC*
9  *v. Flagstar Bank, FSB*, No. 2:13-cv-1589-JCM-VCF (D. Nev. Feb. 28, 2014) (order granting motion
10 to stay). Though federal district courts can generally rule upon questions of state law, this power
11 becomes rather murky when there is no precedent from a state's highest court to assist in interpreting
12 novel statutes. *See Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007). This
13 difficulty is compounded further by the fact that Nevada has no intermediate appellate courts to
14 provide guidance before these questions reach the Nevada Supreme Court.

15 It is quite apparent that there is disagreement among state and federal courts regarding the
16 interpretation of Nev. Rev. Stat. § 116.3116. Therefore, out of respect for Nevada's sovereignty and
17 interest in having its statutes interpreted by its own judges, the court finds it appropriate to deny the
18 instant motion without prejudice. The parties are free to re-file the instant motions upon a ruling by
19 the Nevada Supreme Court as to whether a foreclosure of an HOA "super priority" lien pursuant to
20 Nev. Rev. Stat. § 116.3116 extinguishes an earlier deed of trust.

21 Accordingly,

22 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for
23 summary judgment, (doc. # 33), be, and the same hereby is, DENIED without prejudice.

24 . . .
25 . . .
26 . . .
27 . . .
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

IT IS FURTHER ORDERED that the defendant shall have thirty (30) days from the entry of a ruling of the Nevada Supreme Court on the question identified above to renew its motion for summary judgment.

DATED July 24, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -